**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST, | ) ) ) ) | CASE NO.: 20-cv-6019 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE: |
| TREMONT CHICAGO, LLC, a Delaware Limited Liability Company, | ) ) ) | MAGISTRATE JUDGE: |
| Defendant. | ) ) | |

## COMPLAINT

NOW COMES the Plaintiff, the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST, by and through its attorneys, JOHNSON & KROL, LLC, and complain of the Defendant TREMONT CHICAGO, LLC ("Tremont"), as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132, 1145). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST ("Welfare Fund") is administered at 2260 S. Grove Street, Chicago, Illinois, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or

omissions giving rise to the Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.  The Welfare Fund receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between Local 399 of the International Union of Operating Engineers of Chicago, Illinois and Vicinity, AFL-CIO ("Local 399") and employers, and therefore is multi-employer plan under 29 U.S.C. § 1002.

4.  Defendant Tremont is a Delaware Limited Liability Company with its principal place of business located in Chicago, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

5.  Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-4 of this Complaint with the same force and effect as if fully set forth herein.

6.  On June 25, 2019, Tremont entered into a Collective Bargaining Agreement ("CBA") with Local 399 whereby it agreed to be bound by the provisions of the CBA for all times relevant to this action.  (A copy of the CBA is attached as **Exhibit 1**).

7.  Through the CBA, Tremont also became bound by the provisions of the Agreement and Declaration of Trust ("Trust Agreement") that created the Welfare Fund.  (A copy of the Trust Agreement is attached as **Exhibit 2**).

8.  Pursuant to the Welfare Fund's Trust Agreement, the Trustees adopted a policy regarding collection of for unpaid contributions ("Collection Policy") to administer the collection of contributions from employers.  (A copy of the Collection Policy is attached as **Exhibit 3**).

9. Pursuant to the provisions of the CBA, the Trust Agreement, and the Collection Policy, Tremont is required pay monthly contributions to the Welfare Fund contributions for all bargaining unit employees.

10. Welfare Fund contributions are billed in the third week of the month preceding the month being billed, and payment is due by the end of the month being billed.

11. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), and provisions of the CBA, Agreement, and Collection Policy, employers who fail to submit their monthly contributions to the Welfare Fund within ninety (90) days of the due date, are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

12. Tremont failed to submit contributions to the Welfare Fund for the months of September 2019 and October 2019 in the aggregate amount of $11,870.00.

13. As a result of Tremont's failure to submit contributions to the Welfare Fund for September 2019 and October 2019, Tremont owes the Welfare Fund liquidated damages totaling $1,187.00.

14. Plaintiff has been required to employ the undersigned attorneys to collect the monies that are due and owing from Tremont.

15. Plaintiff has complied with all conditions precedent in bringing this suit.

16. Tremont is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A.    That Judgment be entered in favor of Plaintiff and against Tremont in the aggregate amount of $13,057.00 for its breach of the CBA, itemized as follow:

    i.    $11,870.00 in contributions owed to the Welfare Fund; and

    ii.    $1,187.00 in liquidated damages owed to the Welfare Fund.

B.    That this Honorable Court enter Judgment in favor of Plaintiff and against Tremont for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C.    That Tremont be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. §1132(g)(2)(D); and

D.    That Plaintiff has such other and further relief as the Court may deem just and equitable all at Tremont's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST**

/s/ William M. Blumthal, Jr. - 6281041
One of the Plaintiff's Attorneys

**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
blumthal@johnsonkrol.com
(312) 757-5477